# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 21-5076**  **September Term, 2020**

**1:19-cv-02604-TSC**

**Filed On:** June 29, 2021

Larry Elliott Klayman, individually,

      Appellant

    v.

Judicial Watch, Inc., A District of Columbia Corporation, et al.,

      Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**BEFORE:** Wilkins, Rao, and Walker, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on appellant's brief. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion to intervene, it is

**ORDERED AND ADJUDGED** that the district court's February 16, 2021 order be affirmed. The district court correctly concluded that it lacks jurisdiction to vacate prior orders of another district court. See Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995) ("[I]t is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected."); Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006) ("A federal district court lacks jurisdiction to review decisions of other federal courts."); Klayman v. Kollar-Kotelly, No. 12-5340, 2013 WL 2395909, unpublished order (D.C. Cir. May 20, 2013) ("[T]his court has concluded that one district court does not have jurisdiction to review the decisions of another district court or federal appellate court."). Additionally, appellant cannot maintain an independent action pursuant to Federal Rule of Civil Procedure 60(d)(1) because he has an adequate remedy at law via a direct appeal. See United States v. Beggerly, 524 U.S. 38, 47 (1998); Neisloss v. Bush, 293 F.2d 873, 880 n.16 (D.C. Cir. 1961). Moreover, appellant has failed to plead factual allegations that would support his fraud claims. See Baltia Air Lines, Inc. v. Transaction Mgmt., Inc., 98 F.3d 640, 642 (D.C. Cir. 1996) ("Fraud on the court ... is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-5076**                                  **September Term, 2020**

perjury."); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (A complaint must state "enough facts to state a claim to relief that is plausible on its face," "a formulaic recitation of a cause of action's elements will not do."). It is

**FURTHER ORDERED** that the motion to intervene be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk